IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT A. DAVIDOW, HOWARD MARKS, KEVIN BOYLAN, STEPHEN PALUSZEK, and MARK RAPAPORT, | § § § § § | No. 465, 2024 |
| | § § | Court Below—Court of Chancery of the State of Delaware |
| Plaintiffs Below, Appellants, | § § § | |
| | § | C.A. No. 2019-0150 |
| v. | § § | |
| DOV SEIDMAN, LEE FELDMAN, and MATS LEDERHAUSEN, | § § § § § | |
| Defendants Below, Appellees. | § § | |

Submitted: November 12, 2024
Decided: December 19, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal, the supplemental notice, and the exhibits attached thereto, it appears to the Court that:

(1) This interlocutory appeal arises from complications in consummation of a class action settlement. In 2019, Robert A. Davidow, a stockholder of LRN Corporation, filed a class action complaint alleging breaches of fiduciary duty by LRN directors Dov Seidman, Lee Feldman, and Mats Lederhausen ("the Defendants") in connection with a 2017 tender offer. Another LRN stockholder, Howard Marks, intervened in 2020. After mediation in May 2022, the parties

executed a settlement term sheet in November 2022 and filed a settlement stipulation in May 2023. At the September 7, 2023 settlement hearing, the Court of Chancery ruled that Davidow and Marks ("the Original Plaintiffs") were inadequate class representatives because Davidow had engaged in spoliation of evidence and Marks had published false pleadings and then used his representative status to negotiate the release of a personal defamation action filed against him ("the Adequacy Ruling").

(2)     Class members Kevin Boylan, Stephen Paluszek, and Marc Rapaport ("the New Plaintiffs") then moved to lift the stay in place since the parties had pursued mediation and to intervene so that they could pursue certification as class representatives, class certification, and approval of the settlement. The Defendants opposed intervention as well as class certification and sought confirmation from the court that they could make settlement offers to individual class members. On June 5, 2024, the court granted the New Plaintiffs' motion and declined to consider the Defendants' request.

(3)     On August 10, 2024, the Original Plaintiffs and the New Plaintiffs moved to enforce the settlement stipulation and for issuance of a rule to show cause based on the Defendants' alleged breaches of the settlement stipulation. The Defendants opposed the motion. On October 9, 2024, the court denied the motion in a bench ruling ("Enforcement Ruling"). The court held that the best-efforts clauses in the settlement stipulation did not require the Defendants to accept a

settlement stipulation with the New Plaintiffs containing the same terms, particularly the release of Marks that the court had expressed concern about in the Adequacy Ruling, and found that the Defendants were not in contempt.

(4) On October 21, 2024, the Original Plaintiffs and New Plaintiffs filed an application for certification of an interlocutory appeal from the Enforcement Ruling. The Original Plaintiffs also filed an application for certification of an interlocutory appeal from the Enforcement Ruling. The Defendants opposed both applications.

(5) On November 6, 2024, the Original Plaintiffs and the New Plaintiffs filed this interlocutory appeal from the Enforcement Ruling. On November 12, 2024, the Court of Chancery denied both applications for certification.

(6) In denying certification of the Enforcement Ruling, the Court of Chancery first found that the ruling addressed settlement procedure, not any legal right. The court next considered the Rule 42(b)(iii) criteria, focusing on the criteria identified by the Original Plaintiffs as supporting certification. As to Rule 42(b)(iii)(G) (review of the interlocutory order may terminate the litigation), the court rejected the contention that review of the Enforcement Ruling would terminate the litigation. The court found that it would still have to consider whether all of the requirements for class certification had been satisfied and whether the settlement, which included a release beneficial to Marks, was fair.

(7) Turning to Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court acknowledged the risk to innocent class members if the settlement payment and the efficiencies of a class structure were lost. But the court recognized that the Defendants had previously expressed their intent to make the same pro rata settlement offer each class member (except Marks) and concluded that the Original Plaintiffs had not shown that review of the Adequacy Ruling would serve considerations of justice. After the court denied the applications for certification, the Defendants notified the court that they did not presently intend to make a settlement offer to any of the class members.

(8) Applications for interlocutory review are addressed to the sound discretion of this Court.[1] In the exercise of its discretion and giving due weight to the Court of Chancery's analysis, the Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Rule 42(b). None of the Rule 42(b)(iii) criteria weigh in favor of certification. Exceptional circumstances that would merit interlocutory review of the Court of Chancery's decision do not exist in this case,[2] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[3]

---

[1] Supr. Ct. R. 42(d)(v).
[2] *Id.* R. 42(b)(ii).
[3] *Id.* R. 42(b)(iiii).

4

NOW, THEREFORE, IT IS ORDERED that this interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice